UNITED STATES of America, Appellee,

v.

John Wesley ARNOLD, Appellant.

No. 76–1522.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1976.

Decided Nov. 4, 1976.

Certiorari Denied Jan. 10, 1977. See 97 S.Ct. 765.

Paul J. Nicholson, North Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty. and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

John Wesley Arnold appeals from a conviction in the Eastern District of Arkansas for mail fraud in violation of 18 U.S.C. § 1341. After trial to a jury the defendant was found guilty and sentenced to three years imprisonment with two years and eight months suspended.

Arnold admits filling out an American Express Company credit card application using his mother's name, Sutilla Arnold, as the primary applicant. He listed his own address, telephone number and social security number as his mother's, and, in addition, gave false information as to his mother's age, employment and yearly salary. He supplied as credit references the Farmers Bank, Hamburg, Arkansas, where his mother had an account, and other businesses where his mother traded. He requested that American Express send a supplementary credit card for an immediate member of Sutilla Arnold's family, John Wesley Arnold. The application was signed, "Sutilla Arnold, 6–7–74." However it is not disputed that the defendant signed his mother's name.

Upon receiving the application, American Express checked Sutilla Arnold's credit and issued the two cards requested. They made no check of John Wesley Arnold's credit. In a short period of time the defendant and a friend ran up a total bill of $4,042.70. American Express refused the defendant's offer to make monthly payments of $100. No payments have been made. The matter was referred to a postal inspector for investigation and this prosecution resulted.

On appeal the defendant claims that the government failed to prove specific intent to defraud: first, because Arnold's scheme would not have resulted in loss to American Express, and American Express was not deceived as to John Wesley Arnold's identity as a credit card holder and a credit risk; and second, because Arnold dealt with American Express in good faith. Intent to defraud, of course, is an essential element of a violation of 18 U.S.C. § 1341. *United States v. Nance,* 502 F.2d 615, 618 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975).

In reviewing the record we must sustain the verdict if there is substantial evidence, taking the view most favorable to the government, to support it. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Direct evidence of willful intent is not required. The requisite intent may be inferred from the acts of the defendant. *United States v. Porter,* 441 F.2d 1204, 1210 (8th Cir.), *cert. denied,* 404 U.S. 911, 92 S.Ct. 238, 30 L.Ed.2d 184 (1971), and cases cited therein. We find the

government's evidence sufficient to show that the application was made so as to deceive, was made with the intent to deceive, and did, in fact, deceive American Express.

■ One of the salient factors in weighing the sufficiency of the proof as to intent to defraud is the party's use of material misrepresentations in carrying out the venture. *United States v. Porter, supra,* 441 F.2d at 1210. Here, although Arnold eventually informed his mother of the application, and she approved on the condition that he be liable for all bills incurred, there is no question that Arnold submitted an application, containing what he knew to be false information, in his mother's name and without her knowledge, and that he offered the information so American Express would act favorably on the application. From this the jury could properly infer willful intent.

■ Good faith, of course, is a defense to a charge under 18 U.S.C. § 1341. *Durland v. United States,* 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709 (1896); *Gold v. United States,* 36 F.2d 16 (8th Cir. 1929). However, this defense must be weighed in light of the defendant's misrepresentations and use of credit once received. We find support for the verdict.

The judgment is affirmed.